IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC GREENE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 04-5200 |
| | : | |
| JOHN PALAKOVICH, et al., | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

Green, S.J.                                                                                                  March 28, 2007

Presently pending is the Report and Recommendation (the "Report") of United States Magistrate Judge David R. Strawbridge and Respondents' Objections thereto. For the reasons set forth below, Respondents' Objections are overruled and the Report and Recommendation is approved and adopted.

**BACKGROUND**

In 1996, Petitioner Eric Greene ("Greene") was convicted and sentenced to life in prison for second-degree murder, three counts of robbery, and conspiracy. Greene's convictions arose out of the 1993 killing of a store clerk during a food market robbery. At trial, the prosecution produced evidence that Greene, who was tried under the name Jermaine Trice, entered Lilly's Market with his co-defendants, Atil Finney and Julius Jenkins, while co-defendants Gregory Womac and Naree Abdullah waited in Womac's car. During the course of the robbery, Jenkins shot and killed store clerk Francisco Azcona with a .45 caliber revolver, and Petitioner stole the store's cash register. Three days after the homicide, four members of the same group robbed a check-cashing agency two blocks away from Lilly's Market. Shortly thereafter, police arrested the four men and recovered a .45 caliber revolver near the arrest location. Ballistics test revealed that the gun police recovered was the weapon used to kill Francisco Azcona.

Petitioner was charged with second-degree murder, robbery, and conspiracy, and tried before a jury together with four co-defendants. Defendants Finney and Womack confessed to the crimes, and excerpts of these confessions were admitted at trial. The confessions were redacted to exclude the names and personal details of the non-confessing co-defendants. Words and phrases such as "someone," "blank," "someone else," "two guys," "we," and "they" replaced the names of the non-confessing defendants. The trial court instructed the jury that each confession was only to be used against the particular defendant who made it.

Following his conviction on March 16, 1996, Petitioner filed several post-trial motions. The trial court denied these motions on March 10, 1997, and the trial judge subsequently sentenced Petitioner to life in prison. Petitioner then filed an appeal with the Pennsylvania Superior Court, which upheld his conviction in an opinion dated December 16, 1997. The Pennsylvania Supreme Court granted a petition for allocator on August 14, 1998; however, this decision was reversed on April 29, 1999 when the same court determined that allocator had been improvidently granted. Greene did not file a petition for certiorari to the United States Supreme Court. On August 3, 1999, Greene filed a petition for state collateral review under Pennsylvania's Post Conviction Relief Act ("PCRA"). The trial court, acting as the PCRA court dismissed the petition in 2000, and this dismissal was affirmed by the Superior Court in 2003. The Pennsylvania Supreme Court denied allocator in 2004.

**REPORT AND RECOMMENDATION AND RESPONDENTS' OBJECTIONS**

Greene filed the instant <u>pro se</u> petition for habeas corpus relief in which he enumerates five claims; however, the Report and Recommendation issued by Magistrate Judge David R. Strawbridge ("the Report") identifies and denies twelve distinct claims advanced by Greene.[1]

---

[1] The Report identifies and denies the following twelve claims advanced by the Petitioner: 1) Petitioner claims he was denied the right to an effective appeal because he was not provided with a trial transcript; 2) Petitioner claims he was denied the right to effective assistance of counsel because of his counsel's failure to obtain the transcript; 3) Petitioner claims that the trial court's failure to sever his trial from that of his co-defendants improperly subjected him to a death qualified jury; 4) Petitioner claims that the trial court's failure to sever subjected him to prejudicial testimony concerning a separate robbery given in response to questioning from the prosecutor; 5) Petitioner claims

The Report recommends denying the petition for habeas corpus, but granting a certificate of appealability on one claim only– Petitioner's assertion that the trial court's failure to sever his trial from that of his co-defendants unfairly infringed upon his Sixth Amendment right to confrontation by subjecting him to evidence coming from certain non-testifying co-defendants' improperly redacted confessions.

While no objections to the Report were filed by Petitioner, Respondents object on three grounds: 1) they argue that reasonable jurists cannot disagree as to the law applicable to the Petitioner's confrontation clause claim; 2) they argue that any improper redaction of the admitted confessions was harmless error; and 3) they argue that Petitioner has not procedurally exhausted his confrontation clause claim.  For the reasons stated below, each of Respondents' objections will be overruled.

**1. Disagreement Over Applicable Law**

A certificate of appealability may be issued upon the denial of a habeas corpus petition in situations where reasonable jurists could disagree as to the merits of the Petitioner's claim. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Because reasonable jurists could disagree as to whether the U.S. Supreme Court's decision in Gray v. Maryland, 523 U.S. 185, 197 (1998), applies to the analysis of Petitioner's confrontation clause claim, a certificate of appealability will be issued for this specific claim only.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court reviews a state court decision only to determine whether it was "contrary to" or an

---

that trial court's failure to sever subjected him to prejudicial testimony concerning a separate robbery given in response to questions from a co-defendant's counsel; 6) Petitioner claims that the trial court's failure to sever prejudiced him by having a police witness vouch for the testimony of a Commonwealth witness when cross-examined by a co-defendant's counsel; 7) Petitioner claims that the trial court's failure to sever prejudiced him by giving the prosecutor the opportunity to refer to the confessions of his co-defendants and to gesture to all defendants indicating that they were all implicated by the confessions; 8) Petitioner claims that the trial court erred in admitting evidence concerning a separate, unrelated robbery; 9) Petitioner claims that counsel who assisted him both at trial and on appeal was ineffective by failing to properly investigate and try the case; 10) Petitioner claims that separate PCRA counsel was ineffective in its representation of him in the PCRA process; 11) Petitioner claims that he was denied the right to appeal the PCRA court's denial of relief due to governmental interference.  12) Petitioner claims that the trial court's failure to sever the trial unfairly infringed upon his Sixth Amendment right to confrontation by subjecting him to evidence coming from certain non-testifying co-defendants' improperly redacted confessions.

"unreasonable application" of "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  A divided Supreme Court addressed the meaning of "clearly established Federal law" in Williams v. Taylor, where it concluded that clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision."  See 529 U.S. 362, 412 (2000) (O'Connor, J.) (joined by four Justices); but see Williams, 529 U.S. at 380 (Stevens, J., concurring) (joined by three Justices) (stating that the appropriate standard to apply to a habeas petition is the law applicable "at the time the state decision became final").  Subsequent Supreme Court decisions have followed Justice O'Connor's standard for identifying the point in time for determining the applicable law.  See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004); Lockyer v. California, 538 U.S. 63, 71 (2003).  Conversely, some Third Circuit Court of Appeals cases have applied different formulations of this timing rule.  See Fischetti v. Johnson, 384 F.3d 140, 148 (3d Cir. 2004) (stating that the AEDPA requires the court to determine "what the clearly established Supreme Court decisional law was at the time petitioner's *conviction became final*") (italics added); Lewis v. Johnson, 359 F.3d 646, 652-53 (3d. Cir. 2004) (citing Williams, 529 U.S. at 390 (Stevens, J., concurring)); but see Priester v. Vaughan, 382 F.3d 394, 400 (3d Cir. 2004) (refusing to consider a Supreme Court decision announced after the state court ruled on Petitioner's direct appeal); Johnson v. Carroll, 369 F.3d 253, 257 (3d Cir. 2004) (identifying "the time the state court renders its decision" as the applicable point on the time line).

Determination of the appropriate applicable Supreme Court precedent is key to assessing the merits of Petitioner's claim.  In between the time the Pennsylvania Superior Court ruled on Petitioner's case and the time his conviction became final,[2] the Supreme Court decided

---

[2] The Report concludes that Greene's conviction became final on July 29, 1999, when the time period in which he could make a direct appeal to the United States Supreme Court lapsed. See Sup. Ct. R. 13(1). The Pennsylvania Superior Court denied Greene's direct appeal on December 16, 1997. The Supreme Court issued the Gray decision in between these two dates, on March 9, 1998. The report concludes that December 16, 1997 is the relevant date in this case; therefore, it does not factor the Gray decision into its analysis.

4

Gray, which held that a redacted confession of a non-testifying co-defendant which "replaces a defendant's name with an obvious indication of deletion, such as a blank space, the word 'deleted,' or a similar symbol" violates the defendant's rights under the Sixth Amendment confrontation clause"[3] 523 U.S. at 192. If Gray applies to Petitioner's claim, then it may bolster the merit of his claim because blank spaces and similar symbols of deletion were used in the redactions of his co-defendants' confessions. The Report concludes that the time of the relevant state court decision is the appropriate standard; therefore, it did not factor Gray into its analysis and denied the Petitioner's claim. Respondents object to the Report's recommendation that a certificate of appealability be issued. Because reasonable jurists could disagree as to the appropriate point in time upon which to identify the "clearly established law," Respondents' objection is overruled. Petitioner's confrontation clause claim is denied but a certificate of appealability will be issued.

**2. Harmless Error**

Respondents further argue that even if Gray is the appropriate standard to apply in this case, the error committed is harmless because it would not result in a different outcome. An error is not harmless when it "had a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 636 (1993) (citing Kotteakos v. U.S., 328 U.S. 750, 776 (1946)).

Respondents assert that even if the confessions admitted at Greene's trial were improperly redacted, such error was harmless due to the overwhelming evidence presented

---

[3] Gray is one of a series of Supreme Court cases on the Sixth Amendment confrontation clause implications of admitting confessions of non-testifying co-defendants. The Court has established that the admission of a non-testifying co-defendant's confession that directly implicates the defendant violates the defendant's Sixth Amendment rights. Bruton v. United States, 391 U.S. 123, 126 (1968). The Court refined the protection of Bruton in Richardson v. Marsh, where it concluded that when a co-defendant's confession is redacted to omit any reference to the defendant, the defendant's Sixth Amendment rights are not violated regardless of whether other evidence properly admitted links the defendant to the confession. 481 U.S. 200, 211 (1987). Gray distinguished Richardson because the redacted confession in Gray refers directly to the existence of the non-confessing defendant while the Richardson confession did not. Gray, 523 U.S. at 195-96.

5

against him.  To support this conclusion, they cite several cases in which the Supreme Court and the Third Circuit have found that admission of an improperly redacted confession constituted harmless error.  See Brown v. United States, 411 U.S. 223 (1973); Schneble v. Florida, 405 U.S. 427 (1972); Harrington v. California, 395 U.S. 250 (1969); United States v. Ruff, 717 F.2d 855 (3d Cir. 1983), cert. denied, 464 U.S. 1051 (1984).  However, it should be noted that in these cases, the defendant asserting the confrontation clause violation had himself also confessed to the crime, thus adding significant weight to the prosecution's evidence.  This is not the situation in the present case, for Petitioner never confessed to the crimes for which he was convicted.  As the Report articulates, a reasonable jurist could find that the jury concluded that Petitioner's name corresponded to one of the blanks in the redacted confession, exactly the type of inference that Gray seeks to prevent.  See Gray, 523 U.S. at 193 (explaining that a when a co-defendant's confession is redacted using a blank space in place of a defendant's name, "the jury will often realize that the confession refers specifically to the defendant").  Respondents' objection based upon harmless error is accordingly overruled.

### 3. Exhaustion of State Law Appeals

Respondents argue that Petitioner's confrontation clause claim is procedurally defaulted because he did not properly exhaust the claim in state court.  They assert that the only time Petitioner raised this particular claim was in his request for allocator from the Pennsylvania Supreme Court.  They argue that in order to exhaust all state law remedies, the Petitioner must present his claim regarding improper redaction to the Pennsylvania Superior Court, which they claim he failed to do.  See Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996) (petitioner must give each level of state courts a fair level of review);  Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d. Cir. 1986) (stating that both the facts and the legal theory of petitioner's arguments must be presented to the state courts).

The Report contains no analysis of any alleged procedural default for this particular claim.  Respondents provide a copy of Greene's Brief to the Superior Court to support their

6

argument; however, this document demonstrates that the general issue of the redaction of the confessions was addressed.[4]  The Brief presents a general confrontation clause claim regarding the redacted confessions of Greene's co-defendants and relies upon major Supreme Court cases to advance the argument.  See Brief for Petitioner to Superior Court, at 22-24 (citing Bruton and Richardson).  Greene's confrontation clause claim was properly exhausted in state court proceedings; therefore, Respondents' third objection is overruled.

For the reasons discussed above, Respondents' objections to the Report are overruled. An appropriate order follows.

---

[4] The second point in Greene's brief asserts that effective redaction of the co-defendants' confessions was attempted but "polluted" by "gross prosecutorial and police misconduct."  See Brief for Petitioner to Superior Court, at 22-24.  The District Attorney herself admits that the Superior Court adjudicated the merits of the confrontation clause claim regarding the redacted confessions. See Response to Petition for Habeas Corpus, at 17.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC GREENE, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | :   No. 04-5200 |
| | : |
| JOHN PALAKOVICH, et al. | : |
| | : |
| Respondents. | : |

### ORDER

**AND NOW**, this 28th day of March 2007, upon consideration of the Petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge, and Respondents' Objections thereto, **IT IS HEREBY ORDERED** that:

1. Respondents' Objections are **OVERRULED**.
2. The Report and Recommendation is **APPROVED** and **ADOPTED**.
3. The Petition for Writ of Habeas Corpus is **DENIED**.
4. A certificate of appealability is issued on Petitioner's Confrontation Clause claim only.

BY THE COURT:

s/Clifford Scott Green

Clifford Scott Green, S.J.